IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DOUGLAS VERNELL JACKSON,**<br><br>                    Petitioner,<br><br>    v.<br><br>**E. VALENZUELA, Warden,**<br><br>                    Respondent. | Case No. 1:13-cv-01296 LJO MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 20]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent E. Valenzuela, Warden of California Men's Colony, is represented in this action by William K. Kim, of the Office of the Attorney General for the State of California.

**I.    BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, upon being convicted by a jury of robbery, attempted robbery, attempted murder of a peace officer, assault with a firearm on a peace officer, evading a peace officer, felon in possession of a firearm, and various enhancements. (See Lodged Doc. No. 3.) On January 27, 2009, Petitioner was sentenced pursuant to the three strikes law to an indeterminate state

1

1 | prison term of life with the possibility of parole, consecutive to a determinative term of 48
2 | years. (Id.)

3 | Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate District. The court affirmed the judgment of the lower court, with the exception of a clerical error, on November 7, 2011. (Lodged Doc. No. 1.) Petitioner then filed a petition with the Supreme Court of California. It denied the petition for review on January 25, 2012. (Lodged Doc. 2.)

Petitioner proceeded to file a collateral appeal to his conviction in state court. Petitioner filed a petition for writ of habeas corpus in Fresno County Superior Court on September 1, 2012.[1] (Lodged Doc. 4.) The Superior Court denied the habeas petition on April 5, 2013. (Lodged Doc. 5.)

Petitioner filed the instant federal habeas petition on August 4, 2013.[2] (Pet.) On October 24, 2013, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss, ECF No. 20.) Petitioner filed an objection to the motion to dismiss on November 14, 2013. (ECF No. 22.)

**II. DISCUSSION**

**A. Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed with the court on February 21, 2013, Petitioner signed the petition on September 1, 2012. Accordingly the court considers the petition to be filed on September 1, 2012.

It is noted that the date Petitioner verified the petition is over five months before the date filing of the petition, and might not be the actual date the petition was provided to authorities for mailing. However, Respondent has not provided any information or documentation showing a later date when the petition was provided to prison authorities for mailing.

[2] Although the Petition was filed on August 7, 2013, Petitioner shall be provided an earlier filing date of August 4, 2013, the date he signed the petition.

petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on August 4, 2013, and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on January 25, 2012. (Lodged Doc. 2.) The state appeal process became final ninety days later, on April 24, 2012, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on April 25, 2012. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from April 25, 2012, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until August 4, 2013, almost three months after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

1  **C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

2  28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

According to the state court records provided by Respondent, Petitioner filed his first petition for collateral relief, in the form of a petition for writ of habeas corpus, on September 1, 2012. (Lodged Doc. 4.) Respondent concedes that Petitioner is entitled to tolling with regard to this petition. However, 129 days of the limitation period passed before the application was filed. Based on tolling, 236 days of the limitations period remained when the petition was denied on April 5, 2013. Accordingly, Petitioner had until November 27, 2013 to timely file the petition.

Petitioner filed the instant federal petition on August 4, 2013, 121 days later. Since several months of the limitations period remained, the petition was timely filed.

**III.     CONCLUSION**

As explained above, Petitioner filed the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Based on the foregoing, this Court recommends that Respondent's motion to dismiss the petition as untimely be

1  denied.

2  **IV.     <u>RECOMMENDATION</u>**

3      Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for
4  Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be
5  DENIED.

6      This Findings and Recommendation is submitted to the assigned United States
7  District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and
8  Rule 304 of the Local Rules of Practice for the United States District Court, Eastern
9  District of California. Within thirty (30) days after the date of service of this Findings and
10 Recommendation, any party may file written objections with the Court and serve a copy
11 on all parties. Such a document should be captioned "Objections to Magistrate Judge's
12 Findings and Recommendation." Replies to the Objections shall be served and filed
13 within fourteen (14) days after service of the Objections. The Finding and
14 Recommendation will then be submitted to the District Court for review of the Magistrate
15 Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure
16 to file objections within the specified time may waive the right to appeal the Order of the
17 District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

20 IT IS SO ORDERED.

22     Dated:   <u>November 27, 2013</u>           /s/ *Michael J. Seng*
23                                                                        UNITED STATES MAGISTRATE JUDGE